

FILED
CLERK, U.S. DISTRICT COURT

OCT   3 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WEINBERG & COMPANY, P.A., | ) NO. CV 06-2057 GPS (RCx) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER GRANTING DEFENDANT'S** |
| | ) **MOTION TO DISMISS** |
| BEASLEY FOOD SERVICE, INC., an | ) |
| Indiana Corporation | ) |
| Defendants. | ) |

Presently before the Court is Defendant Beasley Food Service, Inc.'s Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), or in the alternative, to transfer the case for improper venue pursuant to 28 U.S.C. § 1406(a), or for convenience pursuant to 28 U.S.C. § 1404(a).   Having considering the parties' submissions, the Court deemed the matter appropriate for decision without oral argument and vacated the hearing. Local Rule 7-15. For the reasons set forth below, the Court **GRANTS** Defendant's motion and dismisses this action for lack of personal jurisdiction.

## I. FACTUAL BACKGROUND

Plaintiff Weinberg & Company, P.A. ("Plaintiff"), a Florida corporation with offices in Florida and California, is a professional association of certified public accountants. (Compl., ¶ 5; Motion at 1:8-9.) Plaintiff specializes in providing services to companies by assuring compliance

1  with SEC requirements regarding accounting and financial disclosures. (Compl., ¶ 5.) Defendant
2  Beasley Food Service, Inc. ("Defendant") is a wholesale food service distributor, which was
3  incorporated in Delaware upon its acquisition by parent company Syndicated Food Service
4  International ("Syndicated"). (Id. at 2:3-7.) Defendant's principal place of business is in Indiana.

5      In October 2004, Plaintiff was retained to audit the financial records of Defendant for the
6  fiscal year ending December 31, 2003. The audit related to SEC filings and disclosures.[1]
7  (Compl. at ¶ 6.) On September 16, 2004, the engagement letter, typed on Plaintiff's stationery,
8  was signed by Charles Beasley, President and CEO of Defendant, in Indiana. (Id. at ¶ 7; Opp'n
9  at 3:1-5; Motion at 2:22-27.) The engagement letter also contained an arbitration clause stating
10 arbitration "shall take place in the city in which the Weinberg & Company, P.A. office [is located],
11 providing the relevant services exists, unless the parties agree to a different locale." (Opp'n at
12 3:5-9.) The letter was then faxed to Plaintiff in Florida. (Compl. ¶ 7.)

13     Plaintiff performed its services in Florida. (Reply at 2:19-22; See also Opp'n at 8:4-5.)
14 Notably, Plaintiff did not perform any accounting services in California. Id. Statements were sent
15 to Syndicated rather than Defendant at Syndicated's request. (Opp'n at 4:24-25.) Plaintiff
16 alleges Defendant failed to stay current on its payments and, in one year, only one payment of
17 $10,000 had been made. (Compl. at ¶ 8.) As of January 31, 2006, Defendant allegedly owed
18 Plaintiff $87,553.22 for professional services. Id.

19     Plaintiff filed its complaint on April 5, 2006. The Complaint sought relief for: (1) breach of
20 contract; (2) open book account; and (3) work and labor done - quantum meruit. Defendant
21 moved to dismiss for (1) lack of personal jurisdiction; (2) improper venue; or in the alternative (3)
22 to transfer for improper venue; or(4) for convenience of the parties.

23
24

25     [1] There are inconsistencies between the parties' briefs regarding who hired Plaintiff. Plaintiff's
26 Complaint alleges Defendant retained Plaintiff to audit its financial statement, while Plaintiff's
   Opposition asserts Syndicated and Defendant retained Plaintiff to audit their financial statements.
27 (Compl. at ¶ 6; Opp'n at 2:4-8.) Defendant's Motion to Dismiss asserts Syndicated hired Plaintiff to
   conduct an audit of Syndicated's financial statements. (Motion at 2:9-13.) The issue does not alter
28 the analysis here.

## II. DISCUSSION

### A. Personal Jurisdiction

Under Fed.R.Civ.P. 12(b)(2), when a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing jurisdiction exists. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). However, when a district court rules on such a motion without an evidentiary hearing, as here, "the plaintiff need make only a prima facie showing of jurisdictional facts in order to withstand the motion to dismiss." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). In other words, the plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995). Uncontroverted allegations in the complaint must be taken as true. *AT&T v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir. 1996). However, the court may not assume the truth of such allegations if they are contradicted by affidavit. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1284 (9th Cir. 1977). Conflicts in the evidence must be resolved in the plaintiff's favor. *AT&T,* 94 F.3d at 588.

Where there is no applicable federal statute governing personal jurisdiction, a court applies the law of the state in which the district court sits. *See Schwarzenegger,* 374 F.3d at 800. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.* at 800-01.

The constitutional requirement is satisfied if personal jurisdiction arises from one of three traditional circumstances, or if it is established that the nonresident defendant has sufficient "minimum contacts" with the forum state, "such that exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *In re Marriage of Fitzgerald v. King,* 39 Cal. App. 4th 1419, 1425-26 (Cal. Ct. App. 1995); *International Shoe Co. v. Washington,* 326 U.S. 310 (1945). There are two types of jurisdiction to consider under the minimum contacts doctrine: (1) general jurisdiction and (2) specific jurisdiction. *Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 445 (Cal. 1996).

**1. Traditional Basis for Personal Jurisdiction**

Traditionally, personal jurisdiction exists in three circumstances: (1) the party was present in the forum state when served; (2) the party was domiciled in the forum stated; (3) the party consented to be sued in the forum state. *See In re Fitzgerald*, 39 Cal.App.4th at 1425-26; *Burnham v. Superior Court*, 495 U.S. 604, 611, 110 S.Ct. 2105, 2111 (1990). Here, Defendant was served in Indiana, is domiciled in Indiana, and has never consented to suit in California. (Motion at 5:23-25.) Thus, no traditional basis for personal jurisdiction exists.

**2. General Personal Jurisdiction**

For general jurisdiction to exist over a nonresident defendant, the defendant must have contacts with the forum state that are "substantial, continuous, and systematic." *Perkins v. Benguet Mining Co.*, 342 U.S. 437, 445-46 (1952). Such contacts must be so broad that they take the place of physical presence as the basis for jurisdiction. *Vons Companies, Inc.*, 14 Cal.4th at 446. As the Ninth Circuit has explained, this is an exacting standard because a finding of general jurisdiction permits a defendant to be brought into court in the forum state to answer for any of its activities anywhere in the world. *See Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986).

Here, Defendant has no such contacts with California. Defendant is organized under the laws of Delaware, has always maintained its principal place of business in Indiana, and conducts most of its business in Indiana. (Motion at 6:14-16.) Defendant does not do business in California, nor does it ship any of its food products to California. (*Id.* at 6:16-17.) Therefore, given Defendant's lack of contact with California, there is no basis for general jurisdiction.

**3. Specific Personal Jurisdiction**

Specific jurisdiction can arise from less substantial contacts with the forum state than those required for general jurisdiction, but is strictly limited to claims that are related to the defendant's forum related activities - where the defendant "purposefully avails" itself of the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The Ninth Circuit uses a three-part test to determine whether a district court may exercise specific jurisdiction over a nonresident defendant: (1) the nonresident defendant must do some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Colt Studio, Inc. v. Badpuppy Enterprise*, 75 F. Supp. 2d 1104, 1107 (C.D. Cal. 1999).

**a. Purposeful Availment**

The purposeful availment standard requires more than foreseeability of causing injury in the state. *Burger King Corp.*, 471 U.S. at 474. Rather, "the foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Purposeful availment requires that the "defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990). This requirement is met if a defendant deliberately engaged in significant activities within a state or created "continuous obligations" with the residents of that state. *Id.* (*quoting Burger King Corp.*, 471 U.S. at 475-76.) The purposeful availment requirement ensures that defendants will not be "haled into a jurisdiction through 'random,' 'fortuitous,' or 'attenuated' contacts.'" *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 560 (9th Cir. 1995) (*quoting Burger King Corp.,* 471 U.S. at 475.)

Here, Plaintiff is unable to meet its burden to demonstrate that Defendant engaged in affirmative business in California, engaged in significant activities in California, or created a continuous obligation between itself and California residents. As noted, Defendant is incorporated in Delaware and has its principal place of business in Indiana. Defendant does most of its business in Indiana, and has no offices in California. (Decl. of Beasley, ¶¶ 2-4.)

With respect to the engagement letter, Defendant's President executed the engagement letter in Indiana, and faxed it to Plaintiff in Florida. (*Id.* at ¶ 6.) Further, Defendant asserts its President executed the letter as an acknowledgment that Defendant's books and records in Indiana would be audited in Indiana. (*Id.*) Invoicing concerning the audit was sent from Plaintiff in Florida to Syndicated in Virginia. (Decl. of Tanis, ¶ 7.) Plaintiff performed no accounting services in California. (*Id.* at ¶ 6, Decl. of Tanis, ¶ 7; Reply at 2:19-21.) Thus, Defendant has had no contact with California.

5

1       In response, Plaintiff asserts Defendant could have foreseen that it might be sued in California

2 because Plaintiff's stationery showed a California office. (Opp'n at 7:6-11.) Further, Plaintiff argues

3 the arbitration clause in the engagement letter stating arbitration could be held in California made it

4 foreseeable to Defendant that it might be brought in California. *Id.* However, purposeful availment

5 requires more than the mere foreseeability of causing injury in the forum state and the possibility of

6 being sued there. *Burger King Corp.*, 471 U.S. at 474. Thus, the foreseeability of being haled to

7 California based on Plaintiff's stationery and arbitration clause is insufficient to show purposeful

8 availment.

9       Further, Plaintiff's reliance on an arbitration clause for purposes of establishing personal

10 jurisdiction is equally unavailing. An arbitration clause identifying a forum for arbitration, without more,

11 does not confer personal jurisdiction. *See BP Chemical Ltd. v. Formosa Chemical & Fibre Corp.*,

12 229 F.3d 254, 261-62 (3rd Cir. 2000); *see also Fireman's Fund Ins. Co. v. Nat'l Bank of*

13 *Cooperatives*, 103 F.3d 888, 893-95 (9th Cir. 1996) (*holding* personal jurisdiction existed only after

14 a finding of more contacts by defendant in the forum state than just the agreement to arbitrate in that

15 state). Here, Defendant has no contacts with California and has not purposefully availed itself of

16 California. Thus, the arbitration clause suggesting arbitration could be held in California is insufficient

17 to establish personal jurisdiction over Defendant in this state.

18       **b. Relatedness**

19       To satisfy the second prong of specific jurisdiction, the claim must be one which arises out of,

20 or results from, the defendant's forum-related activities. *Colt Studio, Inc*, 75 F.Supp. 2d at 1107. The

21 Ninth Circuit employs the "but for" test for determining whether the controversy is related to the

22 defendant's forum-related activities. *Smith Noble L.L.C. v. South Jersey Vinyl Inc.*, 47 U.S.P.Q. 2d

23 1944, 1946 (C.D. Cal. 1998). The "arising out of" requirement is satisfied if "but for" the contacts

24 between the defendant and the forum state, the cause of action would not have arisen. *Terracom*,

25 49 F.3d at 561.

26       In this case, Plaintiff's cause of action did not "arise out of" Defendant's contacts with

27 California because Defendant has no contacts with California. As discussed above, none of

28 Plaintiff's alleged services were performed in California. The services were performed in Indiana,

and Plaintiff's employees traveled from its Florida office to Defendant's office in Indiana. (Decl. of Cooksey, ¶¶ 2,3; Decl. of Tanis, ¶¶ 3-9.) Moreover, the engagement letter, which was signed by Defendant in Indiana, was sent to Florida. (Decl. of Beasley, ¶ 6.)

### c. Reasonableness

"[T]he relationship between the defendant and the forum must be such that it is reasonable . . . to require the corporation to defend the particular suit which is brought there." *World-Wide Volkswagon*, 444 U.S. at 292. For jurisdiction to be reasonable, it must comport with "fair play and substantial justice," *Burger King Corp.*, 471 U.S. at 476, and "once purposeful availment has been established, the forum's exercise of jurisdiction is presumptively reasonable." *Id.* at 478.Several factors determine whether personal jurisdiction is reasonable, including (1) the extent to which the lawsuit relates to the defendant's activities or contacts with California, (2) the availability of evidence and the location of witnesses, (3) the availability of an alternative forum in which the claim could be litigated, (4) the relative costs and burden to the litigants of bringing or defending the action in the forum state rather than an alternative forum, and (5) any state policy in providing a forum for this particular litigation. *World-Wide Volkswagon*, 444 U.S. at 292.

Here, exercising jurisdiction over Defendant in California would be unreasonable, based on the following factors -

(1) This lawsuit has no relationship to California, as discussed above. (Motion at 9:26.)

(2) Defendant's witnesses reside in Indiana. (Decl. of Beasley, ¶1; Decl. of Cooksey, ¶1.) Syndicated's witnesses reside in Virginia. (Decl. of Tanis, ¶ 1.) Plaintiff's witnesses and principals reside in Florida. (Decl. of Cooksey, ¶¶ 2-3; Decl. of Tanis, ¶ 7.) None of the evidence or witnesses in this case are located in California. (Motion at 27-28.)

(3) Indiana is a more appropriate forum for this matter because all of Plaintiff's services for Defendant were performed in Indiana. (*Id.* at 10:4-8.)

(4) Defendant contends the costs of litigating this matter in California are extreme and unjustified, given this suit has no relation to California.

(5) There is no policy to justify litigating this case in California. (*Id.* at 10:14.)

7

1          Thus, inasmuch as Defendant has not purposefully availed itself of California, has had no

2 contacts with California from which this suit could have arisen out of, and haling Defendant to

3 California would be unreasonable, this Court cannot exercise specific personal jurisdiction over

4 Defendant.

5          For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss for lack of

6 personal jurisdiction.

7

8 **B. Improper Venue**

9          Even if this Court could exercise jurisdiction over Defendant, the case would be dismissed for

10 improper venue. Venue in the United States District Court is governed by 28 U.S.C. § 1391(a), which

11 provides that, in an action based on diversity, venue is proper in (1) a judicial district where any

12 defendant resides, (2) a judicial district in which a substantial part of the events or omissions giving

13 rise of the claim occurred, or (3) a judicial district in which any defendant is subject to personal

14 jurisdiction, if there is no district in which the action may otherwise be brought.[2] If venue is found to

15 be improper, the court shall dismiss the case or transfer it the case to the district in which it could

16 have been brought. Fed.R.Civ.P. 12(b)(3); 28 U.S.C. § 1406(a). The court has the discretion to

17 decide whether to dismiss or transfer the action. *See Johnson v. Payless Drug Stores Northwest,*

18 *Inc.*, 950 F.2d 586, 588 (9th Cir. 1991).

19         **1. Defendant's Residence**

20          For the purposes of venue, a corporation is deemed to reside in any judicial district in which

21 it is subject to personal jurisdiction at the time the action commenced.[3] 28 U.S.C. § 1391(c). Here,

22

23      [2] The last ground for venue, known as "residual venue," provides venue is proper in a judicial

24 district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no other judicial district in which the action may be brought. 28 U.S.C. § 1391(a)(3).

25 Residual venue is only available when the first two grounds are unavailable. Here, venue is proper in Indiana pursuant to 28 U.S.C. § 1391(a)(1) and (2). Thus, "residual venue" is inapplicable in this

26 case.

27      [3] In a state with more than one judicial district, a corporation is deemed to reside in any district in

28 that state within with which its contacts would be sufficient to subject it to personal contacts if that district were a separate state. If there is no such district, the corporation is deemed to reside in the

for venue purposes, Defendant resides in Indiana because its office is in Bloomington, Indiana, and it distributes its food products primarily in Indiana.  Defendant maintains it has never shipped products to California or had any presence in California. (Mot. to Dismiss 11:24-25.)  Therefore, Defendant is a resident of Indiana, not California.

### 2. Where a Substantial Part of Events Occurred

In an action for breach of contract, factors to consider in deciding where a substantial part of the events took place include where the negotiations occurred, where the contract was signed, and where performance occurred. *Shropshire v. Fred Rappoport Co.*, 294 F.Supp.2d 1085, 1094 (N.D. Cal. 2003). Here, while neither party indicates where the negotiations for this contract took place, a substantial number of the remaining events occurred in Indiana.[4]  The engagement letter was signed by Mr. Beasley in Indiana. (Decl. of Beasley, ¶ 6.) Plaintiff sent personnel from its Florida office to Defendant's office in Indiana to review documents required for the audit. (Decl. of Cooksey, ¶ 2; Decl. of Tanis, ¶ 7.) Therefore, for the most part, the events took place in Indiana, not California. Accordingly, Indiana is the proper venue for this action.

For the reasons stated above, California is an improper venue for this action. Therefore, even if this Court had personal jurisdiction over Defendant, the case would be dismissed for improper venue. [5]

district within which it has the most significant contacts.  28 U.S.C. § 1391(c).

[4] It is noted that some events occurred in Florida. However, these events were as between Plaintiff and Syndicated, not Plaintiff and Defendant. Therefore, services performed in Florida are irrelevant for purposes of determining venue in this action.

[5] In light of the above ruling, the Court need not reach Defendant's remaining arguments regarding the transfer of the case for improper venue, or convenience of the parties.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant's motion to dismiss for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated this _3d_ day of October, 2008.

_George P. Schiavelli_

HON. GEORGE P. SCHIAVELLI

UNITED STATES DISTRICT JUDGE